UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA         :           09 Cr. 558  (CM)
                                         :

          -against-              :

JAMES CROMITIE, <u>et al</u>.       :

                   Defendants.   :
-------------------------------------------------------x

**MOTION BY DEFENDANT JAMES CROMITIE FOR AN ORDER DISMISSING COUNTS FIVE AND SIX OF THE INDICTMENT AND OTHER RELIEF, <u>AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Defendant James Cromitie, by his attorneys, Briccetti, Calhoun & Lawrence, LLP,

submits this memorandum of law in support of his pretrial motion pursuant to Fed. R. Crim. P.

12(b)(3)(B), for an order dismissing Counts Five and Six of the indictment, on the grounds that

(1) both counts are duplicitous in that each joins two or more distinct crimes in a single count,

and (2) Count Six fails to contain the "essential facts constituting the offense," Fed. R. Crim. P.

7(c)(1).

By this motion, defendant Cromitie also expressly joins in the pretrial motions of all co-

defendants.

ARGUMENT

POINT I

<u>COUNTS FIVE AND SIX ARE DUPLICITOUS</u>

Count Five and Six both reference 18 U.S.C. § 2332g, which makes it a crime to acquire,

transfer, receive, possess, or use (i) a guided missile, 18 U.S.C. § 2332g(a)(1)(A); (ii) a device

intended to launch or guide such a guided missile, 18 U.S.C. § 2332g(a)(1)(B); or (iii) a part

designed for use in assembling such a missile or device, 18 U.S.C. § 2332g(a)(1)(C).

Specifically, Count Five charges the defendants with conspiracy to violate Section 2332g, and

Count Six charges the defendants with attempting to violate that statute. Importantly, both

counts charge that the defendants conspired (or attempted) to violate all three subparts of the

statute.

Counts Five and Six are duplicitous because they each join "two or more distinct crimes

in a single count." United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992); accord, United

States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001); United States v. Murray, 618 F.2d 892, 896

(2d Cir. 1980). Duplicity creates the potential for concealing a finding of guilty as to one crime

and a finding of not guilty as to another, or concealing the possibility of a non-unanimous verdict

as to any one crime. It also creates the potential for inadequate notice of exactly what charge the

defendant faces, and may impede the defendant's ability to plead double jeopardy as a defense to

a later charge. United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981), cert. denied, 461

U.S. 913 (1983).

An example of an obviously duplicitous count would be one in which two distinct drug

distributions are charged in a single count. United States v. Sturdivant, 244 F.3d at 74. By

contrast, a count that charges a single crime committed by more than one means would not be

duplicitous – for example, a single bank fraud charged under both subsections of 18 U.S.C. §

1344, which merely describe different methods of defrauding a bank. United States v. Crisci,

273 F.3d 235, 239 (2d Cir. 2001). Likewise, the "allegation in a single count of a conspiracy to

commit several different crimes is not duplicitous." Braverman v. United States, 317 U.S. 49, 54

(1942).

The conspiracy count here – Count Five – does not charge a conspiracy with several different object crimes. Rather, it alleges that there was one object of the conspiracy – that defendants agreed to "acquire, possess, and use a surface-to-air guided missile system to destroy military aircraft located" at the New York Air National Guard Base at Stewart Airport. Yet, at the same time, Count Five confusingly alleges that the defendants conspired to acquire, possess, and use a guided missile, a device intended to launch or guide such a guided missile, and a part designed for use in assembling such a missile or device. As is clear from the statue, these three objects are distinct crimes; they are not merely different methods of committing the same crime. Using or possessing a missile is quite different from using or possessing a device intended to launch a missile, and both of those types of conduct are different from using or possessing a part designed for use in assembling a missile.

As this somewhat verbose statute is worded, the different means or methods of violating each of these three distinct crimes are spelled out in the first clause – inter alia, producing, constructing, acquiring, transferring, possessing, and using. 18 U.S.C. § 2332g(a)(1). Thus, it would not be duplicitous to charge someone with, for example, possessing and using a guided missile. "Possessing" and "using" would be two different means or methods of committing a crime which involves a guided missile. But it is duplicitous to charge someone, in a single count, with possessing and using both a guided missile and a missile launching device. Possessing a guided missile and possessing a missile launching device are distinct behaviors and thus are two distinct crimes.

In short, Count Five is duplicitous because it does not charge a single conspiracy with multiple objects, and also because it does not charge a single crime committed by two or more

means or methods, each of which would be permissible.  It purports to charge a single conspiracy with a single object – acquiring, possessing, using a missile system to destroy military aircraft.  But at the same time it charges each of the three distinct crimes set forth in the statute.  Count Five is duplicitous and must be dismissed.

Count Six, since it is not a conspiracy count, is even more clearly duplicitous.  Count Six charges the defendants with three distinct offenses – (1) attempting to acquire, transfer, receive, possess and use a guided missile; (2) attempting to acquire, transfer, receive, possess and use a device intended to launch or guide such a guided missile; and (3) attempting to acquire, transfer, receive, possess and use a part designed for use in assembling such a missile or device.  Count Six is plainly duplicitous and must be dismissed.

POINT TWO

COUNT SIX FAILS TO CONTAIN THE<br>ESSENTIAL FACTS CONSTITUTING THE OFFENSE

Count Six also suffers from an additional defect – it fails to contain "a definite written statement of the essential facts constituting the offense charged," in violation of Fed. R. Crim. P. 7(c)(1).  Count Six tracks the language of the statute – 18 U.S.C. § 2332g – but it does not contain a "to wit" clause or any other language describing or identifying the particular missile, launch device, or missile part that defendants allegedly attempted to acquire, transfer, receive, possess or use, and it does not identify the alleged target against which the missile or device was to be used.  Nor does Count Six incorporate by reference any other count or portion of the indictment.  Thus, Count Six is not sufficiently detailed to enable a defendant to later plead double jeopardy in a future prosecution based on the same set of events.  United States v.

Stavroulakis, 952 F.2d 686, 693 (2d Cir.), cert. denied, 504 U.S. 926 (1992).  Since each count of

an indictment must be judged on its own apart from every other count, Dunn v. United States,

284 U.S. 390, 393 (1932), Count Six is plainly defective for lack of factual specificity and must

be dismissed.

CONCLUSION

For all the foregoing reasons, defendant James Cromitie's pretrial motions should be

granted.

Dated:  White Plains, NY
       March 16, 2010

                     BRICCETTI, CALHOUN & LAWRENCE, LLP


By:    _s/_____
        Vincent L. Briccetti
        81 Main Street, Suite 450
        White Plains, NY 10601
        (914) 946-5900

        ATTORNEYS FOR DEFENDANT
        JAMES CROMITIE