BRICCETTI, CALHOUN & LAWRENCE, LLP
ATTORNEYS AT LAW
81 MAIN STREET
SUITE 450
WHITE PLAINS, NEW YORK 10601

VINCENT L. BRICCETTI*
CLINTON W. CALHOUN, III**
KERRY A. LAWRENCE*

*ALSO ADMITTED IN CT
**ALSO ADMITTED IN VA & DC

(914) 946-5900

FAX (914) 946-5906

June 18, 2010

**BY E-MAIL**
Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

DOCKET IN CASE #
AS: docket as letter
DATE, CM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/10

  Re: United States v. James Cromitie, et al.
     09 Cr. 558 (CM)

Dear Judge McMahon:

  This letter is respectfully submitted on behalf of all defense counsel in response to the Court's request for legal argument regarding speedy trial issues.

  First, the defense believes that a total of 60 days has been excluded under the Speedy Trial Act up to and including June 14, 2010. The Court (including the magistrate judge) properly made prospective "interest of justice" exclusions under 18 U.S.C. § 3161(h)(7)(A) from June 3, 2009 (the date of arraignment) through April 30, 2010. In addition, the time from April 30 through May 18, 2010, is properly excludable under Section 3161(h)(1)(D) because the previously-filed pretrial motions were decided on May 18. However, the next "interests of justice" exclusion finding was not made until May 28, 2010, when the Court properly excluded time from that date through June 14, 2010.

  The government claims that the time between May 19 and May 28 is excludable because motions in limine were filed on May 19 and not decided until May 28. However, the statute provides that only "delay resulting from any pretrial motions" is excludable. 18 U.S.C. § 3161(h)(1)(D) (emphasis added). Here, there was no delay that resulted from the filing of motions in limine. Had the Court made a prospective "interests of justice" exclusion on May 18 (or at an earlier time) up through June 14, the result would be different. But, that was not done, so the time between May 18 and May 28 was not excluded. In short, 60 days remained on the speedy trial clock as of June 14.

  The bigger question is whether the delay resulting from (i) the government's "shock[ing]"

Honorable Colleen McMahon
June 18, 2010
Page 2

failure to "anticipate . . . that the investigation might have generated documents that would have to be turned over, either as Brady or 3500 material, but that were (perhaps for reasons not relating to these defendants) classified" (Memorandum Order, June 15, 2010); (ii) its statement on the record that it was not ready for trial (even though the trial date had been set nine months earlier) because it could not represent that it had "fully complied with its discovery obligations" (6/14/10 Tr. 25); and (iii) its request for an indefinite adjournment (6/14/10 Tr. 22), is properly excludable under the Speedy Trial Act.

The answer is no.

The government's view is that the defendants' motion to dismiss made on June 14 (Tr. 35), after the jury voir dire had begun but before the jurors were excused (Tr. 48),[1] results in an "automatic" exclusion of time under the Speedy Trial Act, citing United States v. Anderson, 902 F.2d 1105, 1108 (2d Cir. 1990).[2] The government is wrong.

The delay in the trial is not the result of the filing of the motion to dismiss. It is clearly, plainly, and unequivocally the result of the government's failure to do what it was clearly, plainly, and unequivocally required to do – namely, make a pretrial search of its investigative files to determine whether those files contained any discoverable material, whether it be Brady, Giglio, Rule 16, Section 3500, or anything else. This failure was not precipitated by the Court's rulings on June 10 and June 14, 2010, as to what is or is not Brady material. It was the government's failure to do what was its obligation from the beginning of the case. That's why, as the Court has stated several times in one fashion or another, this failure was shocking.

The case closest on its facts that we have been able to find is United States v. Clymer, 25 F.3d 824 (9th Cir. 1994). In Clymer, construing the plain language of the statute, the court held that a defense motion to dismiss for outrageous government conduct did not result in excludable delay where the district court put off a decision on the motion until after trial. "[T]he statute does not exclude all pretrial delay that merely coincides with the pendency of a motion. It only excludes pretrial delay '*resulting from*' that motion." Id. at 830 (emphasis in original).

United States v. Anderson, 902 F.2d 1105, 1108 (2d Cir. 1990), does not help the government here. Anderson stands only for the proposition that the only exclusion provision in Section 3161(h) that embodies a reasonableness standard is the "interests of justice" exclusion. Accord, United States v. Upton, 921 F. Supp. 100, 102 (E.D.N.Y. 1995). Thus, if a motion is

---

[1] There is no question that the trial "commenced" no later than June 10 with the beginning of jury voir dire. United States v. White, 980 F.2d 836, 841-42 (2d Cir. 1992); United States v. Stayton, 791 F.2d 17, 19-20 (2d Cir. 1986).

[2] We agree that an oral motion made on the record is the equivalent of a written motion.

Honorable Colleen McMahon
June 18, 2010
Page 3

filed that results in the delay of a trial, then the period of delay need not be reasonable in order for the time to be excluded. Henderson v. United States, 476 U.S. 321, 326-27 (1986). Indeed, Anderson acknowledged that certain motions may well be compelled by the government's failure to do something it was required to do (e.g., comply with discovery obligations), and that the delay resulting therefrom would not be excludable. United States v. Anderson, 902 F.2d at 1109 (citing United States v. Hastings, 847 F.2d 920 (1st Cir.), cert. denied, 488 U.S. 925 (1988)). The bottom line is that the delay of our trial was the direct result of the government's request to adjourn the trial because it failed to do something it was required to do, and thus our motion to dismiss was compelled by the government's misconduct. The misconduct delayed the trial, not our motion.

Similarly, and most respectfully, the defense believes that the Court's prospective "interests of justice" exclusion made on June 14 (6/14/10 Tr. 51; Memorandum Order, June 15, 2010) was incorrect. The only reason the jury had to be discharged and the trial delayed was the government's failure to do something it knew it had to do. Therefore, while it is certainly true that the Court (and counsel) needed to research the speedy trial implications of these unusual events, the bottom line is that the delay of the trial was occasioned solely by the government's conduct, not by the need to do legal research. We are all capable of doing research quickly and while the speedy trial clock continues to run.

Your Honor's consideration of the foregoing is appreciated.

Respectfully submitted,

Vincent L. Briccetti

cc:   All counsel (by e-mail)