UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

JAMES CROMITIE, et al.,

    Defendants.

------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/10
```

09 Cr. 558 (CM)

## PRE-TRIAL RULINGS (CONTINUED STILL)

McMahon, J.:

    The Government has filed a motion *in limine* seeking to preclude the defendants from (1) arguing as a defense that the defendants could never have carried out the charged crimes without the Government informant's assistance, and (2) eliciting the opinions and impressions of law enforcement agents. Defendants filed a letter in opposition, asking the Court to deny the Government's motion on procedural grounds-- that the time for filing *in limine* motions has long since past. (Cromitie Letter dated August 12, 2010).

    If the defendants meet their burden of showing the Government induced them to commit the offense, the Government bears the burden of proving beyond a reasonable doubt predisposition on defendants' part. See United States v. Bala, 236 F.3d 87, 94 (2d Cir. 2000). The Government may do so through three kinds of proof: "(1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement." United States v. Al-Moayad, 545 F.3d 139, 154 (2d Cir. 2008).

    I decline to foreclose any defense argument at the present time. I need to hear what the evidence is. Assuming that defendants meet their burden (and the Government all but concedes that they will), defendants will of course be permitted to ask the jurors to infer from the admitted evidence that their clients lacked an already formed design to commit the crimes charged or that they were not "readily susceptible" to inducement. Whether there needs to be any limitation on how those arguments are phrased will depend on what the evidence shows and what inferences it is capable of supporting. Until I hear the evidence I cannot make any ruling on the Government's motion.

    I also decline to make a blanket ruling relating to "opinions and impressions of law enforcement officers." I will make decisions as the need arises. Given that the focus of the trial is entrapment, it may be that certain "opinions" or "impressions" will in fact be admissible.

Finally, after conducting the inter-agency search that should have been completed a year ago, the Government has concluded that nothing it found qualifies as exculpatory within the meaning of Brady, so there is no reason for it to turn over any additional documents to the defense. (G. Letter dated 8/6/10 at 1). For some reason, the Government has provided copies of certain documents to the Court *ex parte*, although it states that it "does not [] seek a ruling from the Court." Id. If I am not being asked for a ruling – and I told the parties two months ago that I would not engage in a wholesale review of documents for Brady compliance in advance of the trial – then I do not understand the point of sending me the documents. Contrary to the Government's position, they were clearly not being submitted "in the same spirit as prior requests for rulings," because I am not being asked to make a ruling. Therefore, there is no need for me to have the documents, and I will return them to the Government tomorrow.

The Government probably should not lose those documents, however. Should there be a conviction, Brady compliance will no doubt figure in defendants' post-trial motions.

Dated: August 18, 2010

_____
U.S.D.J.

BY ECF AND EMAIL TO ALL COUNSEL