# Law Office of Sam Braverman

901 Sheridan Avenue
Bronx, New York 10451
Tel (718) 293-1977
Fax (718) 293-5395
Braverlaw@aol.com

PO Box 127
Tenafly, New Jersey 07670
Tel (201) 568-7960
Fax (201) 596-2724



September 22, 2010

Hon. Colleen McMahon
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York

Re:   United States v. Cromitie (Leguerre Payen)
Ind:  09 Cr 558 (CM)

Dear Judge McMahon:

Defendant Payen (on behalf of all defendants) submits this letter brief on the admissibility of certain documents tendered by the various defendants into evidence. Specifically, defendant Payen offers the Pre-Sentence Investigation report (and the Financial Disclosure Form submitted by Mr. Hussain as part of the investigation and compilation of data in preparing the PSI) prepared by the United States Department of Probation for the Northern District of New York in advance of sentence in the matter of United States v. Shahed Hussain. The defendants tender these documents under two theories: FRE 803(8)(c) and FRE 801(d)(1).

> FRE 803(8)(c) states that the following is an exception to the rule against hearsay:
>
> Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil cases and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by

law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The PSI is admissible because it is a report, of a public office or agency, setting forth the factual findings resulting from an investigation, made pursuant to authority granted by law, and it is being offered against the Government in a criminal case. The Government here cannot object to this report unless it persuades this Court that the source of the information (here, Mr. Hussain) lacks trustworthiness.

The Court's concern that the phrase "in civil cases and proceedings *and against the Government in criminal cases*" means that the report must be against the interest of the Government is misplaced. The limitation on introducing these reports in criminal cases applies only those exhibits offered by the Government against a defendant so as to eliminate the Sixth Amendment Confrontation Clause issue presented by allowing a report to come into evidence against the accused without testimony.

> The formulation of an approach which would give appropriate weight to all possible factors in every situation is an obvious impossibility. Hence the rule, as in exception FRE 803(6), assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present. In one respect, however, the rule with respect to evaluate reports under item 803(8)(c) is very specific: they are admissible only in civil cases and *against the government in criminal cases*. (emphasis in original)
>
> Justification for the exception [to the rule against hearsay] is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record. Wong Wing Foo v. McGrath, 196 F.2d 120 (9th Cir. 1952), and see Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889 (1919).

Cornell University Law School/Legal Information Institute, Notes to Rule 803.[1]

(handwritten annotation: "evaluation" pointing to "evaluate reports")

---

[1] .(http://www.law.cornell.edu/rules/fre/ACRule803.htm)

The exception does not permit the admission of factual findings resulting from an investigation against the accused in a criminal action because records kept in the course of a criminal investigation generally are maintained for the purpose of the prosecution and lack assurances of credibility and trustworthiness required under the exception. Air Land Forwarders, Inc. v. United States, 172 F.3d 1338 (Fed. Cir. 1999).

In United States v. Oates, 560 F.2d 45 (2nd Cir. 1977), the authoritative case on this matter, the Court described the legislative history behind the limitation on the party who may use this type of evidence (in reversing a conviction where a lower court allowed the introduction of a chemist's report against the defendant without requiring the chemist to testify):

> Our conclusion that the chemist's report and worksheet do not satisfy the standards of FRE 803(8) comports perfectly with what we discern to be clear legislative intent not only to exclude such documents from the scope of FRE 803(8) but from the scope of FRE 803(6) as well. The reason why such a restrictive approach was adopted can be established by referring to the Advisory Committee's Notes and by examining the way in which Congress revised the draft legislation proposed by the Advisory Committee and which the Supreme Court submitted to Congress. As already explained, an overriding concern of the Advisory Committee was that the rules be formulated so as to avoid impinging upon a criminal defendant's right to confront the witnesses against him. The Advisory Committee, in unequivocal language, offers the specter of collision with the confrontation clause as the explanation for the presence of FRE 803(8)(C) in its proposed (and, since FRE 803(8)(C) was unaltered during the legislative process, final) form: In one respect, however, the rule with respect to evaluative reports under [FRE 803(8)(C)] is very specific: they are admissible only in civil cases and against the government in criminal cases in view of the *almost certain collision with confrontation rights which would result from their use against an accused in a criminal case.* Advisory Committee's Notes, Note to Paragraph (8) of Rule 803, 56 F.R.D. at 313 (emphasis supplied). . . .
>
> We are not the first court to indulge in a less than literal construction of a hearsay exception so as to effectuate congressional intent. An issue addressed by the D.C. Circuit in United States v. Smith, [521 F.2d 957, 968-69 n. 24 (D.C.Cir. 1975)] at 968-69 n. 24, was whether the police reports of FRE 803(8)(B) are admissible against the government. While

conceding that "[o]n its face, 803(8)(B) appears to [say that they are not, the court was] convinced, however, that 803(8)(B) should be read, in accordance with the obvious intent of Congress and in harmony with 803(8)(C) to authorize the admission of the reports of police officers and other law enforcement personnel at the request of the defendant in a criminal case." 521 F.2d at 968 n. 24. The "obvious intent of Congress" in enacting FRE 803(8)(B) was found to be that "use of reports against defendants would be unfair." 521 F.2d at 969 n. 24. "Since there [was] no apparent reason to allow defendants to use the reports admitted by 803(8)(C) but not those governed by 803 (8)(B) [, the court concluded] that a police report . . . is an exception to the new hearsay rules when introduced at the request of the defense." 521 F.2d at 969 n. 24. <u>Smith</u> is important in several respects. It, too, recognized the importance of Representative Hungate's remarks concerning the meaning of the proposed rules. As have we, the court in <u>Smith</u> liberally construed the new hearsay rules and, in fact, carved out an implied exception to the explicit language of the rules. In so doing, <u>Smith</u> was attempting to harmonize two provisions which, if read literally, might produce a result clearly at odds with the legislative intent. Our approach in the case at bar closely parallels that taken by the D.C. Circuit in <u>Smith</u>.

Reports prepared by probation have been held to be "reports" "setting forth" "factual findings factual findings resulting from an investigation made pursuant to authority granted by law." In United States v. Harris, 557 F.3d 938, 941 (8th Cir. 2009), the Court admitted the probation file information because while the rule "does prohibit the admission of records that contain opinions or conclusions resulting from criminal investigations, it does not bar the admission of records concerning routine and unambiguous factual matters." Further, evaluative reports, *i.e.*, conclusions or opinions based on factual investigation, are included within the scope of the exception. Indicia of trustworthiness, and not an arbitrary distinction between fact and opinion, is the primary safeguard against the admission of unreliable evidence. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 109 S. Ct. 439 (1988) (portions of Judge Advocate report labeled "opinions" that contained author's statement as to probable cause of aircraft crash admitted).

Thus the PSI for Mr. Hussain is admissible under FRE 803(8)(c).

The report is also admissible under FRE 801(d)(1) because it is a sworn statement that is inconsistent with the testimony before this trier of fact. The PSI is created, in

relevant part, by an interview of the defendant by a law enforcement officer. It is a crime to make any false statement to a member of law enforcement under 18 USC §1001, and all defendants are so advised prior to the probation interview. The Financial Disclose Statement contains a jurat that states: "I declare under penalty of perjury that the foregoing is true and correct." Finally, Mr. Hussain swore, under oath, in the Northern District Court at his sentencing that he had seen and reviewed the report, that it was correct in all respects, and was without the need for any changes. Thus he adopted the entirety of the report and it is therefore admissible under FRE 801(d)(1) as well because it is no longer hearsay. That he now denies it only guarantees its admission because of his now inconsistent testimony.

> Prior inconsistent statements traditionally have been admissible to impeach but not as substantive evidence. Under the rule [FRE 801] they are substantive evidence. As has been said by the California Law Revision Commission with respect to a similar provision:
>
> "Section 1235 admits inconsistent statements of witnesses because the dangers against which the hearsay rule is designed to protect are largely nonexistent. The declarant is in court and may be examined and cross-examined in regard to his statements and their subject matter. In many cases, the inconsistent statement is more likely to be true than the testimony of the witness at the trial because it was made nearer in time to the matter to which it relates and is less likely to be influenced by the controversy that gave rise to the litigation. The trier of fact has the declarant before it and can observe his demeanor and the nature of his testimony as he denies or tries to explain away the inconsistency. Hence, it is in as good a position to determine the truth or falsity of the prior statement as it is to determine the truth or falsity of the inconsistent testimony given in court. Moreover, Section 1235 will provide a party with desirable protection against the 'turncoat' witness who changes his story on the stand and deprives the party calling him of evidence essential to his case." Comment, California Evidence Code § 1235. See also McCormick § 39.

Cornell University Law School/Legal Information Institute, Notes to Rule 801[2]

---

[2] .(http://www.law.cornell.edu/rules/fre/ACRule801.htm)

Thus, the PSI and the Financial Disclosure Form are admissible under FRE 801(d)(1) as well.

Respectfully submitted,

Sam Braverman
Attorney for Payen

Cc: Vincent Briccetti, Esq.
Theodore Green, Esq.
Susanne Brody, Esq.
AUSA Jason Halperin, Esq.
AUSA Adam Hickey, Esq.
AUSA David Raskin, Esq.